IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENISE NEAL,

                                                       ORDER

                Plaintiff,

                                                       11-cv-856-slc[1]

    v.

MISSOULA MAC, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Denise Neal is suing defendant Missoula Mac, Inc. In her three-paragraph complaint, she discusses a day on which she did not come into work because her supervisor told her not to do so. Although her allegations are a bit unclear, I understand her to be saying that she was fired from her job for failing to report and that she wants to be reinstated.

      Because plaintiff is proceeding under 28 U.S.C. § 1915, I must screen her complaint to determine whether it states a claim upon which relief may be granted. Having reviewed the complaint, I conclude that it must be dismissed for lack of subject matter jurisdiction.

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

In every case filed in federal court, the first task is to determine whether subject matter jurisdiction exists, even if none of the parties raise that issue. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."); DeBartolo v. Healthsouth Corp., 569 F.3d 736, 740 (7th Cir. 2009) ("Subject-matter jurisdiction is not an issue that can be brushed aside or satisfied by agreement between the litigants."). Federal courts have limited jurisdiction, which means that they may hear a case only if Congress has authorized it. Generally, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332.

Jurisdiction is not present under § 1331. Federal law prohibits an employer from discriminating on the basis of particular characteristics such as race, sex, religion, age and disability, but plaintiff does not allege that defendant was discriminating against her because she belonged to a particular class of people. Rather, she seems to be alleging either that there was a misunderstanding between her and her supervisor or that her supervisor fired her unfairly. Although plaintiff's situation evokes sympathy, federal law does not require employers to have "good cause" to fire someone. Grayson v. O'Neill, 308 F.3d 808, 820 (7th Cir. 2002) ( "[W]e are not concerned with the correctness or desirability of reasons

2

offered for employment decisions."); Pryor v. Seyfarth, Shaw, Fairweather & Geraldson, 212 F.3d 976, 979 (7th Cir. 2000) ("Title VII is not a 'good cause' statute; it creates a remedy against invidious discrimination (or, as here, retaliation), not against caprice.").

Jurisdiction is not present under § 1332 either. Plaintiff does not allege that she and defendant are citizens of different states; rather, she lists Wisconsin as both her address and that of defendant. Further, she does not include any allegations suggesting that the amount in controversy is more than $75,000.

Because plaintiff's complaint is not encompassed by § 1331 or § 1332, I must dismiss it for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment accordingly.

Entered this 29th day of February, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3